## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TMT PROCUREMENT CORP., *et al.*,[1] | § | Case No. 13-33763 |
| | § | |
| DEBTORS. | § | Jointly Administered |

| | | |
|---|---|---|
| B WHALE CORPORATION, | § | Case No. 13-33742 |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | |
| | § | Adversary No. _____ |
| BANK SINPOAC, | § | |
| | § | |
| DEFENDANT. | § | |
| | § | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS
### PURSUANT TO BANKRUPTCY CODE §§ 547, 548, AND 550 AND TO
### DISALLOW CLAIMS PURSUANT TO BANKRUPTCY CODE § 502

B Whale Corporation ("Plaintiff"), which is one of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned attorneys, hereby file this complaint (the "Complaint") to avoid and recover preferential and fraudulent transfers against Bank Sinpoac ("Defendant"), and to disallow any claims held by Defendant. In support of this Complaint, the Plaintiff hereby alleges upon information and belief that:

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Whale Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

#4917851

## NATURE OF THE CASE

1.      This action is commenced pursuant to Bankruptcy Code §§ 547, 548 and 550 to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential or fraudulent transfers of property made by Plaintiff.

2.      In addition, Plaintiff seeks to disallow, pursuant to Bankruptcy Code §§ 502(d) and (j), any claim that Defendant has filed or asserted against Plaintiff or that has been scheduled for Defendant. Nothing in this Complaint should be construed as a waiver of any Debtor's rights to object to any such claim for any reason, including, but not limited to, any reason set forth in Bankruptcy Code §§ 502(a) through (j).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11 and arises in and relates to cases under title 11 pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), jointly administered and captioned *In re TMT Procurement Corporation et al.*, Case No. 13-33763 (the "Chapter 11 Cases"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2)/

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6.      Defendant is the agent for a syndicate of lenders, and a syndicate lender itself, with respect to the loan described below. Defendant has appeared in these cases, filed pleadings, submitted proofs of claim and presented argument in Court.

7.      The statutory and legal predicates for the relief sought herein are Bankruptcy Code §§ 502, 547, 548 and 550 and Bankruptcy Rules 3007 and 7001.

-2-

8.      Pursuant to Local Rule 7008-1, Plaintiff states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties (explicitly or by conduct), cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

9.      As relevant here, the Debtors borrowed money from various financial institutions to build and operate vessels providing maritime transportation services. Plaintiff borrowed money from Defendant to build and operate the *M/V B Whale*.

10.      Within 90 days prior to the petition date (the "Preference Period"), Plaintiff made transfers (the "Transfers") to Defendant as identified on Exhibit A and incorporated herein by reference. The information on Exhibit A is set forth in Plaintiff's Statement of Financial Affairs (13-33673 ECF 183) and was derived from Plaintiff's books and records maintained in the ordinary course of business.

11.      Defendant's loan was secured by the *M/V B Whale*. The vessel has been sold. The proceeds of the sale were insufficient to repay the loan in full. Defendant has filed proofs of claim as to the loan.

12.      During the course of these Chapter 11 Cases, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period, or during the two-year period applicable to actions arising under Bankruptcy Code § 548. It is Plaintiff' intention to seek the avoidance and recovery (or offset) of all transfers made by it of an interest in its property made to or for the benefit of Defendant or any other transferee. Plaintiff reserves all rights to supplement and amend the allegations of this Complaint to include: (i) further information regarding the Transfers; (ii) additional transfers; (iii) modifications of or

revision to Defendant's name; (iv) additional defendants; and (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## FIRST CLAIM FOR RELIEF: PREFERENTIAL TRANSFERS

13.    Plaintiff hereby incorporate all previous allegations as though fully set forth herein.

14.    As more particularly described in Exhibit A, Plaintiff made Transfers to Defendant during the Preference Period in the aggregate amount of not less than $953,353.00.

15.    The Transfers constituted transfers of an interest in property of Plaintiff.

16.    The Transfers were to or for the benefit of a creditor within the meaning of Bankruptcy Code § 547(b)(1).

17.    The Transfers were made on account of antecedent debts within the meaning of Bankruptcy Code § 547(b)(2) owed by Plaintiff to Defendant before the Transfers were made.

18.    The Transfers were made while Plaintiff was insolvent within the meaning of Bankruptcy Code § 547(b)(3).

19.    The Transfers were made during the Preference Period under Bankruptcy Code § 547(b)(4)(A).

20.    As a result of the Transfers, under Bankruptcy Code § 547(b)(5), Defendant received more from Plaintiff than Defendant would have received if: (i) Plaintiff's case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

21.     Defendant was the initial transferee of each of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit each of the Transfers was made.

22.     Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfers made by Plaintiff to Debtor under Bankruptcy Code § 547(b); and (ii) ordering the recovery the Transfers or the value of the Transfers by such Plaintiff from Defendant under Bankruptcy Code § 550(a), together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## SECOND CLAIM FOR RELIEF: FRAUDULENT TRANSFERS

23.     Plaintiff hereby incorporate all previous allegations as though fully set forth herein.

24.     The Transfers or a portion thereof were made to or for the benefit of Defendant in within two years prior to the petition date.

25.     Plaintiff received less than reasonably equivalent value in exchange for some or all of the Transfers made by it.

26.     Plaintiff (i) was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers; (ii) was engaged in business or a transaction for which any property remaining with Plaintiff was unreasonably small capital at the time of, or as a result of the Transfers; and/or (iii) intended, at the times relevant to this Complaint, to incur, or believed that Plaintiff would incur, debts that would be beyond such Plaintiff's ability to pay as such debts matured.

#4917851

27.     Defendant may also have received additional avoidable transfers which may be discovered during the discovery process.

28.     Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfers made by Plaintiff to Debtor under Bankruptcy Code § 548(b)(1); and (ii) ordering the recovery the Transfers or the value of the Transfers from Defendant under Bankruptcy Code § 550(a), together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

<u>**THIRD CLAIM FOR RELIEF: DISALLOWANCE OF CLAIMS**</u>

29.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

30.     Defendant is a transferee of Transfers avoidable pursuant to Bankruptcy Code §§ 547 and 548, which property is recoverable under Bankruptcy Code § 550.

31.     Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under Bankruptcy Code § 550.

32.     Pursuant to Bankruptcy Code § 502(d), any and all claims of Defendant against each Plaintiff must be disallowed until such time as Defendant pays Plaintiff an amount equal to the aggregate amount of all of the Transfers by Plaintiff, plus interest thereon and costs.

33.     Pursuant to Bankruptcy Code § 502(j), any and all previously allowed claims of Defendant against Plaintiff, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all of the Transfers by Plaintiff, plus interest thereon and costs.

#4917851

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief against Defendant:

A.      On Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against Defendant, avoiding the Transfers and directing Defendant to return to Plaintiff's estate the amount of the Transfers, pursuant to Bankruptcy Code §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.      On Plaintiff's Second Claim for Relief, judgment in favor of Plaintiff and against Defendant, avoiding the Transfers and directing Defendant to return to Plaintiff's estate the amount of the fraudulent Transfers, pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C.      On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims filed by Defendant against Plaintiff's estate until Defendant returns the Transfers to such estate pursuant to Bankruptcy Code §§ 502(d) and (j); and

D.      Granting Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300

#4917851

Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

-and-

By: /s/ Evan D. Flaschen
Evan D. Flaschen
(*pro hac vice*)
Evan.Flaschen@bgllp.com
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (860) 246-3201

**COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION,
INCLUDING PLAINTIFF**

#4917851

**Exhibit  A**

| Creditor | Payment Date | Payment Amount | Debtor |
|---|---|---|---|
| Bank Sinopac | 4/1/2013 | $177,100 | B Whale Corporation |
| Bank Sinopac | 4/11/2013 | 409,260 | B Whale Corporation |
| Bank Sinopac | 5/13/2013 | $203,840 | B Whale Corporation |
| Bank Sinopac | 5/20/2013 | $163,119 | B Whale Corporation |
| Bank Sinopac | 6/6/2013 | $35 | B Whale Corporation |
| | | **Total: $953,353** | |

#4917851